UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEVERIN HEGEL, et al.,

    Plaintiffs,

v.                       CASE NO. 8:12-CV-1161-T-17MAP

THE FIRST LIBERTY INSURANCE
CORPORATION,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 21   Motion to Dismiss Counterclaim for Declaratory Judgment
Dkt. 22   Response

Defendant/Counterclaim Plaintiff The First Liberty Insurance Corporation ("First liberty") has filed a Counterclaim for Declaratory Judgment (Dkts. 13, 26) pursuant to 28 U.S.C. Sec. 2201, in which Defendant/Counterclaim Plaintiff seeks a declaration that the applicable insurance policy provides no coverage for the damage claimed by Plaintiffs/Counterclaim Defendants to the real property located at 8257 Tranquil Drive, Spring Hill, Hernando County, Florida, unless that loss includes structural damage, and that the term includes, at minimum, damage that impairs the structural integrity of a building.

I. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed

factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

II. Discussion

Plaintiffs/Counterclaim Defendants move to dismiss the Counterclaim because it does not meet the Twombly pleading standard, as it based entirely on conjecture. Plaintiffs also argue that the Counterclaim does not assert a continuing controversy which is real, and not based on speculative harm.

Defendant/Counterclaim Plaintiff responds that the Counterclaim was filed to resolve the dispute between the parties concerning the meaning of the policy provision regarding sinkhole loss as applied by First Liberty.  First Liberty contends that the policy does not provide coverage for any sinkhole loss where the property has not suffered

Case No. 8:12-CV-1161-T-17MAP

structural damage. In light of the plain language of the policy provision, and the conflict between that language and the demand in Plaintiffs' Amended Complaint, Defendant/Counterclaim Plaintiff has asked the Court to resolve the conflict.

The Court notes that Par. 30 states:

> 30. Plaintiffs have initiated this lawsuit because they disagree with [First Liberty's] determination that the policy's requirement that there by "structural damage," a term that is not specifically defined by the policy, forecloses their claim. Plaintiffs' disagreement with the denial due to lack of structural damage arises either because Plaintiffs have defined the term otherwise to encompass purely cosmetic damage they have claimed or because Plaintiffs believe that, because the policy does not define the term "structural damage," the term structural damage is ambiguous.

Plaintiffs have made a claim for property damage under the policy, and Defendant/Counterclaim Plaintiff First Liberty denied the claim. Plaintiffs/Counterclaim Defendants have sued Defendant/Counterclaim Plaintiff for breach of contract. The Counterclaim involves the same obligations at issue in the Amended Complaint. (Dkt. 25). The parties disagree as to whether the claim is within the coverage afforded by the policy; resolution of the dispute will involve the proper construction and application of the policy's definition of "Sinkhole Loss," which includes the undefined term "structural damage."

The existence of the parties' disagreement is a fact, not mere conjecture. After consideration, the Motion to Dismiss Counterclaim is denied. Accordingly, it is

**ORDERED** that the Motion to Dismiss Counterclaim (Dkt. 21) is **denied**.

Case No. 8:12-CV-1161-T-17MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 6th day of September, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record