UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEVERIN HEGEL, et al.,

    Plaintiffs,

v.      CASE NO. 8:12-CV-1161-T-17MAP

THE FIRST LIBERTY
INSURANCE CORPORATION,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 34 Motion for Summary Judgment
Dkt. 35 Notice - Deposition Transcript Harvill
Dkt. 36 Notice - Deposition Transcript Miller
Dkt. 37 Notice - Deposition Transcript Scott
Dkt. 38 Notice - Expert Disclosures
Dkt. 39 Notice
Dkt. 40 Notice
Dkt. 41 Affidavit
Dkt. 42 Affidavit
Dkt. 43 Affidavit
Dkt. 44 Affidavit
Dkt. 45 Response in Opposition
Dkt. 46 Notice
Dkt. 47 Statement of Undisputed Facts
Dkt. 51 Joint Pretrial Statement

    Plaintiffs Severin Hegel and Stephanie Hegel have sued Defendant The First Liberty Insurance Corporation for breach of contract. Defendant denied Plaintiffs' claim for damage to their home. Plaintiffs seek a judgment that Defendant's actions constitute a breach of the applicable homeowner's insurance policy, and Plaintiffs are

Case No. 8:12-CV-1161-T-17MAP

entitled to damages of $161,923.17, plus prejudgment interest, expert fees, and attorney's fees and costs under S. 627.481, Florida Statutes (2010).

I. Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson, 477 U.S. at 248. But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted." Id. at 249-50.

II. Statement of Facts

Plaintiffs have provided a Statement of Undisputed Facts (Dkt. 47), which is attached to this Order for ease of reference. The factual basis of Plaintiffs' claim is

Case No. 8:12-CV-1161-T-17MAP

Defendant's failure to conduct the required investigation to determine the cause of damage to Plaintiff's property, and to pay all benefits due under the subject policy for Plaintiffs' covered loss. Plaintiffs contend that Defendant wrongfully denied coverage under the definition of "structural damage" in S. 627.706, Florida Statutes (2010), because that definition is not applicable.

III. Discussion

The Court notes that, for the purposes of this Motion, and to obtain expedited appellate review, the parties have stipulated to the presence of physical damage to Plaintiffs' home, causation and damages.

The Court has previously ruled as to the definition of "structural damage," in the Order Denying Defendant's Motion for Summary Judgment. (Dkt. 49). That Order is incorporated by reference.

Only for the purposes of Plaintiffs' Motion for Summary Judgment, Defendant admits that the insured building exhibits minor physical (cosmetic) damage, that the minor physical damage found at Plaintiffs' property was caused by sinkhole activity, and that the amount to repair the minor cosmetic damages caused by sinkhole activity is that alleged by Plaintiffs. Based on the Court's interpretation of the term "structural damage," the parties agree that the cost to repair subsurface conditions is $145,775.00, and that the cost to repair all present cosmetic damage and cosmetic damage anticipated by Plaintiff's expert is $20,743.17. Plaintiffs' damages to repair the home total $166,518.17.[1] Plaintiffs also seek recovery of Plaintiffs' expert costs, as well as attorney's fees and costs for the necessity of filing this action.

---

[1] Plaintiffs obtained several different estimates to repair the home. The stipulated amount is based on a different estimate than Plaintiffs' request for damages as stated in Plaintiffs' Motion.

Case No. 8:12-CV-1161-T-17MAP

After consideration, the Court grants Plaintiffs' Motion for Summary Judgment. Plaintiffs have established a covered loss during the policy period, and Defendant has not proved that Plaintiffs' loss is excluded. Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Summary Judgment (Dkt. 34) is **granted**. The Clerk of Court shall enter a final judgment in favor of Plaintiffs Severin Hegel and Stephanie Hegel, 8257 Tranquil Drive, Spring Hill, FL, 34606 and against Defendant The First Liberty Insurance Corporation, 6760 Alexander Bell Dr., Suite 250, Columbia, MD, 21046 in the amount of $166,518.17, with prejudgment interest from the date of denial, 10/3/2011, to the date of final judgment. The Court **reserves jurisdiction** for determination of attorney's fees and costs.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this ____ day of February, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

4