UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEVERIN HEGEL and
STEPHANIE HEGEL,

      Plaintiffs,

      v.                        CASE NO. 8:12-cv-1161-T-17MAP

THE FIRST LIBERTY INSURANCE
CORPORATION,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs filed this action for damages arising out of Defendant's alleged failure to pay benefits due under an insurance policy issued by Defendant to Plaintiffs covering losses caused by sinkhole activity (doc. 2). After the district judge granted Plaintiffs' motion for summary judgment (doc. 55) and awarded judgment in Plaintiffs' favor (doc. 56), Plaintiffs now seek their attorneys fees and costs (doc. 74). Defendant does not object to Plaintiffs' costs but take issue with the amount of attorneys fees demanded and the applicability of a multiplier (doc. 73). After reviewing the parties' arguments, I recommend the Plaintiffs' motion for fees and costs be granted in part as set forth in this Order.

    *A. Costs*

Rule 54(d) provides that costs shall be awarded as a matter of course to the prevailing party as enumerated in 28 U.S.C. §1920. *United States Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Section 1920 allows taxation of the following costs: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic

transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under 28 U.S.C. § 1828.  In accordance with this provision, Plaintiffs seek $1,601.25 in costs.  The Defendant does not oppose this amount.

     *B. Attorneys fees*

     In a diversity action, attorneys fees motions are determined in accordance with the laws of the state in which the federal court is situated.  *See  Ins. Co. of North America v. Lexow*, 937 F.2d 569, 572 (11th Cir. 1991)(applying state law to determine amount of attorneys' fees).  Under Fla. Stat. § 627.428, a court may award Plaintiffs a reasonable sum of attorneys fees "[u]pon the rendition of a judgment or decree … against an insurer and in favor of any named [] insured."  Fla. Stat. § 627.428.  Defendant does not dispute that Plaintiffs are entitled to fees under § 627.428. Instead, Defendant disputes the amount of fees and interests Plaintiffs claim.

     In fashioning an attorneys fee award, both the Eleventh Circuit and the Florida Supreme Court apply the "lodestar" method wherein the court multiplies the number of hours reasonably expended by a reasonable hourly rate. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985) (adopting the federal lodestar approach).  In determining what hours and what rates are reasonable under the lodestar method, the Court considers certain factors.  *See Rowe*, 472 So. 2d. at 1150. These factors are: the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney

due to acceptance of the case, the customary fee, the amount involved and the results obtained, the time limitations imposed by the client or by the circumstances, the nature and length of the professional relationship with the client, the experience, reputation, and ability of the lawyer(s) performing the services, and whether the fee is fixed or contingent. *Id.* The party who applies for attorneys' fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable. *Id.* at 1150-51. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Norman,* 836 F.2d at 1303.

After the court determines the lodestar figure, that amount may be adjusted based on a "contingency risk" factor or a "results obtained factor." *Rowe*, 472 So. 2d. at 1151. When adjusting the loadstar to account for the contingency risk factor, the Court will multiply the lodestar figure by a multiplier sufficient to compensate for the risk taken by a party's counsel in contingent fee cases. *Id.* The Court may also adjust the fee after considering the amount of fee awarded and how successful the prevailing party was in litigating his claims. *Id.*

### 1. reasonable rate

The Court's first task is to determine whether the hourly rates Plaintiffs' counsel charged are reasonable. A "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299; *Rowe*, 472 So.2d 1151 (finding the prevailing market rate is "the rate charged in the community by lawyers of reasonably comparable skill, experience and reputation, for similar services."). Plaintiffs employed eight attorneys who charged the following hourly rates: Matthew L. Wilson ($425); John E. Thomas ($425); Alan S. Marshall ($425); John F.

3

McMenamin ($325); Erick C. Nutter ($300); Scott McCaskill ($300); Joshua M. Zudar ($285); Barbara M. Hernando ($250). Of these, the Defendant takes issue with Thomas's rate, contending $400 is a reasonable hourly rate given his experience. Thomas's experience, however, essentially mirrors Wilson's, whose hourly rate is agreeable to the Defendant. Without a measurable distinction between the two (indeed, Thomas has litigated sinkhole matters longer than Wilson), I find Thomas's charged hourly rate ($425) to be reasonable.

### 2. reasonableness of hours expended

Next, the Court must ascertain the number of hours reasonably expended by Plaintiffs' counsel on this litigation. In seeking fees, the fee applicant must exclude any excessive, redundant or otherwise unnecessary hours from the amount claimed. *Norman*, 836 F.2d at 1301. Indeed, the fee applicant has to exercise "billing judgment." *Id.* Namely, the applicant must exclude those hours which would be unreasonable to bill a client and, therefore, to one's adversary regardless of the skill, reputation or experience of counsel. *Id.*; *Rowe*, 472 So. 2d at 1150 ("Counsel is expected, of course, to claim only those hours that he could properly bill to his client.").

Plaintiffs seek fees in the amount of $76,623.75 for 163.5 billable hours. Defendant argues Plaintiffs' counsel unreasonably billed 40.5 hours of time for tasks like proofreading, travel time, intra-office communication, reviewing, and preparing certain pleadings. *See* Affidavit of Janet L. Brown, at doc. 72-1. The Court agrees some of the fees requested are excessive. The Court does not find that the alleged hours for proofreading, travel time, and intra-office communication unreasonable. Nevertheless, the Court agrees that the time Ms. Hernando spent on researching and preparing Plaintiffs' motion for summary judgment (37.6 hours), opposition to Defendant's motion for summary judgment (19.5 hours), and motion to dismiss Defendant's counterclaim (9 hours)

excessive in light of the fact that Plaintiffs' counsel has briefed similar issues in several other lawsuits in this district. *See Shelton v. Liberty Mut. Fire Ins. Co.*, No. 8:12-cv-2064-T-30AEP (M.D. Fla. Sept. 12, 2012); *Alvarez v. Liberty Mut. Fire Ins. Co.*, No. 8:12-cv-01879-T-35MAP (M.D. Fla. Aug. 20, 2012); *Argust v. Liberty Mut. Fire Ins. Co.*, No. 8:12-cv-01519-T-35AEP (M.D. Fla. Jul. 9, 2012). Therefore, the Court reduces the hours spent on preparing Plaintiffs' motion for summary judgment by 10.3, on preparing Plaintiffs' opposition to Defendant's motion for summary judgment by 5.5 hours, and motion to dismiss Defendant's counterclaim by 3 hours for a total reduction of Ms. Hernando's hours of 18.8 hours. The Court finds the remaining hours expended by Plaintiffs' counsel were reasonable.[1]

### 3. lodestar amount

To determine the lodestar amount, the Court multiplies the number of hours reasonably expended by a reasonable hourly rate. *Norman*, 836 F.2d at 1292; *Rowe*, 472 So. 2d at 1150. Accordingly, the following chart represents the lodestar figure:

| Attorney | Hourly Rate | Reasonable Hours | Lodestar Amount |
|---|---|---|---|
| Matthew L. Wilson | $425 | 21.9 | $9,307.50 |
| John E. Thomas | $425 | 17.3 | $7,352.50 |
| Alan S. Marshall | $425 | 10.3 | $4,377.50 |
| John McMenamin | $325 | 11.4 | $3,705 |
| Eric C. Nutter | $300 | 5.3 | $1,590 |
| Scott McCaskill | $300 | 2.2 | $660 |
| Joshua Zudar | $285 | 9.0 | $2,565 |

---

[1] These hours are tabulated in the succeeding chart.

| Barbara Hernando | $250 | 67.3 | $16,825 |
|---|---|---|---|
| | | | $46,382.50 |

### 4. multiplier

Turning to the issue of whether Plaintiffs are entitled to a multiplier, the Court looks to three factors: "(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe*, are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client." *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 834 (Fla. 1990).  Not every contingency case is entitled to a multiplier. *Id.*  In fact, if the lodestar amount adequately accounts for the above factors, there is no basis to enhance it. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552-53 (2010). Nevertheless, if a multiplier is appropriate, the amount is determined as follows:

> if the trial court determines that success was more likely than not at the outset; it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset; the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5.

*Id.*

Plaintiffs assert, based on the facts of this case, they are entitled to a multiplier of 1.5.  As support, Plaintiffs argue that because this was a contingency case there was substantial risk of nonpayment to Plaintiffs' counsel for litigating this case, the case was complex and required a substantial time commitment from counsel, and a contingency fee agreement was the only means by which Plaintiffs could prosecute their claims.  Defendant, to the contrary, contends a multiplier

6

is unwarranted here as there were a significant number of capable attorneys in this region that could have handled this type of litigation; there were no time limitations imposed by the client or by the circumstance of this matter to justify enhancement; the likelihood of success at the time Plaintiffs filed their lawsuit was not even; and in similar cases, district judges have concluded that these types of cases are neither novel or complex.  As such, a multiplier is not appropriate.  The Court agrees.

As to the first factor, whether the relevant market requires a contingency fee multiplier to obtain competent counsel, Plaintiffs have failed to present any evidence that they would not have been able to obtain competent counsel to represent them absent a fee enhancement.  Indeed, as pointed out by Defendant, there are a significant number of capable attorneys in this region that handle this type of sinkhole litigation.  Next, as to whether the attorney was able to mitigate the risk of nonpayment in any way, the Court is unconvinced that counsel's acceptance of this case on a contingency basis alone justifies enhancement.  Fla. Stat. § 627.428 guarantees attorneys fees if Plaintiffs prevailed, and Plaintiffs did prevail.  Finally, when looking at the *Rowe* factors argued by Plaintiffs, the Court is not persuaded that this issue is novel or complex nor does the contingent nature of this case justify an enhancement.  *See Shelton*, 2014 WL 631886, at *3; *see also Gonzalez v. Cooperativea de Seguros Multiples De Puerto Rico, Inc.*, No. 8:08-cv-1910-T-30TGW, 2010 WL 2367221, at *3 (M.D. Fla. Jun. 4, 2010).  Furthermore, this district has ruled on multiple occasions that counsel litigating sinkhole disputes in similar, but not identical cases, are not entitled to a multiplier.  *Id.*; *Lumpuy v. Scottsdale Ins. Co.*, No.8:11-cv-2455-T-24MAP, 2013 WL 4648500, at *4 (M.D. Fla. Aug. 29, 2013).  Plaintiffs have failed to convince the Court this case should be treated any differently.  Accordingly, Plaintiffs are not entitled to a multiplier.

*5. prejudgment interest*

Plaintiffs next contend they are entitled to prejudgment and postjudgment interest on their liquidated damages claim and reasonable attorneys' fees. Defendant does not dispute Plaintiffs' entitlement to prejudgment and postjudgment interest; however, Defendant argues that Plaintiffs are not entitled to pre-judgment interest on their costs.

The Court may award prejudgment interest on the Court's award of damages from the date of loss and reasonable attorneys fees. *See Lexow*, 937 F.2d at 572*; Shelton*, 2014 WL 631886, at *4. "However there is no authority suggesting that Plaintiff's are entitled to prejudgment interest on costs." *Id.* (citing *Quality Engineered Installation Inc. v. Higley South*, 670 So. 2d 929, 930-31 (Fla. 1996)). Thus, the Court finds Plaintiffs are entitled to prejudgment interest on their liquidated damages claim and reasonable attorneys fees. Plaintiffs are also entitled to post-judgment interest at the Federal statutory rate pursuant to 28 U.S.C. § 1961. *See Lexow*, 937 F.2d at 572. Accordingly, it is hereby

RECOMMENDED:

1. Plaintiffs' supplemental verified motion for attorneys fees, prejudgment interest, and to tax costs (doc. 74) be GRANTED in part.

2. Plaintiffs be awarded attorneys fees in the amount of $46,382.50, costs in the amount of $1,601.25, prejudgment interest on their liquidated damages claim of $166,518.17, from the date of denial, October 3, 2011, to February 4, 2014,[2] prejudgment interest on the award of $46,382.50 in

---

[2] *See* Order granting Plaintiffs' motion for summary judgment and ordering Defendant to pay prejudgment interest from the date of denial, October 3, 2011 to the date of final judgment (doc. 55).

attorneys fees from February 4, 2014, and postjudgment interest at the federal statutory rate as set forth in 28 U.S.C. § 1961.

IT IS SO REPORTED at Tampa, Florida on May 14, 2014.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).